UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAW OFFICES OF SIDNEY D. TORRES, III, APLC | CIVIL ACTION |
| VERSUS | NO: 11-1921 |
| DAVID C. JARRELL, ET AL. | SECTION: "J"(3) |

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction (Rec. Doc. 17) and Defendants' Opposition (Rec. Doc. 21), on supporting memoranda without oral argument. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Plaintiff's Motion to Remand (Rec. Doc. 17) should be GRANTED.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Defendant David Jarrell ("Jarrell") worked for the Plaintiff law firm to provide technical work organizing and maintaining client information, including the establishment of a client database. Jarrell eventually became a full-time associate attorney and represented clients while employed by Plaintiff.

1

Jarrell, during his employment, established and maintained websites on behalf of the firm.  Plaintiff paid Jarrell's companies for computer and database services.  Jarrell left the firm in July 2011.  Plaintiff filed suit in state district court, alleging various wrongful acts by Jarrell, including:  illegal use of client lists and database information that he improperly took and/or copied from the firm; improper solicitation of clients in breach of fiduciary duty; usurpation of the Plaintiff's website; misrepresentations to Plaintiff's clients in connection with Jarrell's departure from the firm; and deletion and disablement of certain files and programs.  Plaintiff sought injunctive relief and damages.  The state court granted a temporary restraining order that was extended through September 12, 2011.  Defendants removed the case to this Court.  The issue is whether the case should be remanded for lack of subject matter jurisdiction.

## THE PARTIES' ARGUMENTS

Plaintiff argues that this Court has no subject matter jurisdiction because the Copyright Act is not implicated.  It argues that the property at issue—websites and computer programs—is not copyrightable.  The Plaintiff has not presented any claims for copyright infringement.  Additionally, Jarrell's

counterclaim for copyright infringement cannot invoke federal jurisdiction.  Furthermore, Defendants failed to comply with federal law that requires certain documentation to be filed as part of the removal of a lawsuit to federal court.  Lastly, Jarrell has waived his right to remove the matter to federal court due to his actions taken in defending in the state court proceeding.

Defendants argue that there is exclusive original federal jurisdiction under the Copyright Act because the intellectual property at issue is software that constitutes copyrightable computer programs, which have been registered with the U.S. Copyright Office.  They argue that references in the petition to "websites," "intranet," "client database," "programs," and "intellectual property" are all phrases related to works subject to copyright protection.  Plaintiff's petition presents a claim for copyright ownership, over which federal courts have jurisdiction.  Any finding by a state court that Defendants misappropriated the property at issue or that Plaintiff owns the property would violate federal copyright law.  Additionally, Defendants argue that they have complied with notice-of-removal requirements; and they have not waived their right of removal because federal jurisdiction cannot be waived, and because

Jarrell defended in state court as required by Louisiana law.

### DISCUSSION

Title 28 U.S.C. § 1338(a) provides that federal district courts have exclusive original jurisdiction over civil actions arising under congressional legislation related to copyrights. Thus the issue is whether Plaintiff's claims arise under copyright law. On the one hand, the plaintiff is the master of his complaint; whether federal question jurisdiction is present depends upon how the complaint is pled. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus this Court looks to the actual claims presented by Plaintiff in his petition, in determining whether exclusive federal jurisdiction under the Copyright Act is invoked. Still, Plaintiff may not artfully plead his way out of such federal jurisdiction through disguising a copyright infringement claim as a state law claim, which would be preempted by federal copyright law. See id. at 393 (finding that where an area of state law has been completely preempted, any claim based on that state law is considered a federal claim that arises under federal law).

Copyright protection is for original works of authorship fixed in any tangible media of expression. 17 U.S.C. § 102(a). A large portion of Plaintiff's petition alleges that Defendant

Jarrell misappropriated useful information.  Such information is not copyrightable.  See Galiano v. Harrah's Operating Co., Inc., 416 F.3d 411, 416 (5th Cir. 2005) (stating that utilitarian aspects of an article are not copyrightable).  Jarrell stresses that the computer programs and websites at issue are copyrightable.  However, this does not mean that every aspect of such property is copyrightable.  Plaintiff's petition largely focuses on the alleged misappropriation of client mailing lists and client database information, which does not invoke copyright law.

In T.B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2d Cir. 1964), the court stated that an action arises under the Copyright Act if the complaint (1) is for a remedy expressly granted by the Act, (2) asserts a claim requiring construction of the Act, or (3) requires the application of federal principles due to a distinctive policy of the Act.[1]  The Fifth Circuit has cited the T.B. Harms test with approval.  See Goodman v. Lee, 815 F.2d 1030, 1031 (5th Cir. 1987).  As to the first alternative, whether Plaintiff seeks a remedy expressly granted by the Act, the Court finds that Plaintiff does not.  His petition seeks an injunction

---

[1] Judge Friendly's opinion in T.B. Harms has been called the "definitive jurisdictional test for copyright cases." Arthur Young & Co. v. City of Richmond, 895 F.2d 967, 970 (4th Cir. 1990).  See also 13D CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3582, at 736-37 n.31 (3d ed. 2008).

prohibiting certain client solicitation, client contact, and use of client lists and databases; an injunction prohibiting change or damage to "Intellectual Property"; an order that Defendants preserve such property and restore it to its previous condition; and recovery of damages. Rec. Doc. 1-1, at 29-33. This list of sought-after remedies does not at all invoke the copyright law remedies of injunction, destruction of reproductions of copyrighted works, or recovery of damages and profits. See Sony Corp. of America v. Universal City Studios, Inc., 464 U.S. 417, 433-34 (1984).

Neither are the second or third "arising under" instances of jurisdiction present. Plaintiff's claims do not require the construction of copyright law. Even if *arguendo* certain elements of the websites and software at issue are copyrightable, the functional and idea-centric elements of such property are not copyrightable. See Engineering Dynamics, Inc. v. Structural Software, Inc., 26 F.3d 1335, 1341 (5th Cir. 1994). Indeed, Plaintiff's request for injunctive relief concerns alleged business losses resulting from the inability to access the websites' and software's functionality. Additionally, no federal legislative policy requires the application of federal copyright principles. See T.B. Harms, 339 F.2d at 828 ("The general

interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough to meet this last test."). Therefore, the Court holds that Plaintiff's petition does not invoke federal jurisdiction under federal copyright law.  Additionally, that Jarrell has allegedly registered for copyright protection pertaining to the property at issue does not answer the jurisdictional inquiry.  His counterclaim cannot form the basis of federal jurisdiction.  See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831-32 (2002) (holding that a counterclaim cannot establish "arising under" jurisdiction).[2]

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. 17) be and hereby is **GRANTED** and that the matter is **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard.

New Orleans, Louisiana this 12th day of September, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court remands the case on grounds of lack of subject matter jurisdiction, it does not reach the remaining arguments of failure to comply with procedural removal requirements and waiver of the right of removal.